THEODORE E. HART v. HIRAM J. MESSENGER and others.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

The plaintiff, an individual banker having turned out worthless notes to certain of his depositors in payment of their claims, fraudulently representing the notes to be good, sold his banking business, and took from the purchaser a bond of indemnity against all existing liabilities of the bank; after the sale the depositors sued him for the fraud; the purchaser being notified, defended, and judgment was recovered in the suit for the amount originally due the depositors; the plaintiff paid the judgment. and brought an action on the bond to recover the amount paid.—*Held,* that the judgment was recovered upon a personal claim against the plaintiff, and the action was not maintainable.

The action for the fraud, also necessarily affirmed the receipt of the notes as payment and satisfaction of the depositors' claims, and payment of the judgment therein satisfied and extinguished them.

The depositors' claims having existence against the bank at the date of the bond, if at all, by reason of the plaintiff's fraud, he could not maintain an action based upon such fraud.

*Held,* further, that the plaintiff was not entitled to be subrogated to the rights of the plaintiffs in the judgment, as against the bank by payment of the judgment.

THIS was a motion for a new trial, heard, in the first instance, at General Term.

The action was upon a bond of indemnity executed by the defendant, Messenger, as principal, and the other defendants as sureties, upon purchase by the former of the plaintiff's interest in the Canandaigua Bank, and it sought to recover the amount of a judgment paid by the plaintiff, and recovered against him at the suit of certain depositors with the bank for deposits made before the plaintiff's sale. The bond was conditioned as follows, viz. :

" The condition of this obligation is, that whereas the said H. J. Messenger has this day purchased of the said T. E. Hart his interest, and all the assets, fixtures, etc., of the bank of Canandaigua. Now, therefore, if the said H. J. Messenger shall at all times keep the said Hart clear from all liabilities and save him, the said Hart, harmless from all claims

whatsoever, against the said bank of Canandaigua, both of bills or notes of said bank, deposits and liabilities of all-kinds, then this to be void and of no effect; otherwise to remain in full force and virtue."

The plaintiff proved that in October, 1857, he, together with one Antis, were the proprietors of the Canandaigua Bank as partners, and that in December of the same year he having purchased the interest of Antis in the business, sold such interest to the defendant, Messenger, who became thereupon his partner, and so continued until April, 1863, when he (plaintiff) sold out his interest to Messenger, and thereupon took the bond of indemnity before mentioned.

The plaintiff also gave in evidence the judgment roll in an action by one Bushfield, as executrix, against Hart and Antis; from which it appeared that in December, 1857, the bank being indebted to certain depositors for moneys left on deposit therein, they (Hart and Antis) had induced such depositors to take certain notes which they represented to be good, in payment of their claims, and that the judgment was recovered for the amount of such claims, on the ground that the representations made as to the notes were false and fraudulent.

The plaintiff also proved, that on the commencement of the last named suit he had notified the defendants in this action, and that the defendant, Messenger, had agreed to take care of the suit, and that he (plaintiff) took no part in the defence. Also, that he had paid the judgment recovered against himself and Antis, after requesting the defendants to do so and their refusal. Also, that previous to the execution of the bond, the plaintiff and defendant, Messenger, had talked about the subject-matter of the suit afterward brought, and in which the judgment was subsequently recovered against the plaintiff, and that Messenger knew of the claims of depositors, and that the plaintiff had then told Messenger that he believed the notes turned out to the depositors were good, and that there had been no false or fraudulent representations made in respect to them; also, that he supposed the notes were good, and that Messenger knew that there were

claims made by the holders respecting fraudulent representations as to the notes.

The plaintiff also offered to give further evidence to show that the holders of the notes offered to return them to the bank with Messenger's knowledge, and to rescind the payments on the ground that they were worthless, and that they demanded payment of their deposits, and that the claims were frequently matters of conversation between the plaintiff and Messenger while they were partners. This evidence was objected to by the defendants and excluded by the court, and the plaintiff excepted. The court nonsuited the plaintiff, who obtained a stay of proceedings, etc., etc.

*E. G. Lapham,* for the plaintiff.

*H. O. Cheesebro,* for the defendants.

Present—DWIGHT, JOHNSON and J. C. SMITH, JJ.

By the Court—JOHNSON, J. The demand upon which the action was brought, was not within the terms or the spirit of the defendant's bond. By the terms of the bond, the defendant and his sureties agreed to "keep the said Hart clear from all liabilities, and save him harmless from all claims, whatsoever, against the said bank of Canandaigua, both of bills or notes of said bank, deposits and liabilities of all kinds." The only question, therefore, upon the trial was, whether the plaintiff had any legal claim against the bank. If he had any, it must have sprung out of the fact that Sarah Bushfield, as executrix, had, in a certain action, recovered a judgment against the plaintiff. No other foundation for the plaintiff's claim was alleged or pretended. But this judgment, as clearly appears, was recovered in an action for a fraud practiced by the plaintiff and his former partner, Antis, in turning out and transferring certain promissory notes to the plaintiff's testator and his assignors, in payment and satisfaction of claims they then had against said bank, for moneys before then deposited to their credits respectively.

Hart *v.* Messenger and others.

The action upon which this judgment was obtained was not, therefore, for a claim against the bank, but upon a personal claim against this plaintiff and his said former partner for the fraud in procuring the satisfaction and discharge of the claim against the bank. That action necessarily affirmed the transaction of receiving the notes in payment and satisfaction of the claims against the bank for the moneys deposited by the owner of the cause of action. It was in law an election to affirm the bargain and seek redress by means of the cause of action arising from the fraud.

The defendant's bond, in its broadest and most comprehensive scope, cannot be taken or held to include claims by former dealers with the bank, against the plaintiff for frauds practiced by him in his dealings with them, either as banker or as the officer or agent of such bank. When the bond in question was given, the claims of these depositors appeared to be satisfied upon the bank books, and it was represented by the plaintiff, as he confesses, to the defendant that they had been so satisfied without any fraud on his part. It is clear, therefore, that these claims were not within the contemplation of the parties to the bond. Apparently no such claims existed when the bond was executed, and it is clear that no such claims have been established against the bank by the former action against the plaintiff. But even if we could hold that this former action against the plaintiff established the fact that these depositors still had claims unsatisfied against the bank at the time of the making of the bond in question, it is clear enough that they had no such claims when this action was commenced. The judgment recovered against the plaintiff, for the deceit, had then been paid, and the payment of that judgment necessarily extinguished the original claim for the moneys deposited. But independent of the question of the judgment and the payment thereof, if the claims of the depositors had any legal existence at or after the execution and delivery of the bond as against the bank, they had such existence solely by reason of the plaintiff's fraud; and the law does not give him a right of action

against another, which has its sole foundation in his own fraudulent conduct. The maxim "*ex dolo malo non oritur actio*," applies to this case. If the claims, being apparently extinguished when the bond was executed, were brought within the terms of such bond, by the plaintiff's fraud, he cannot be allowed to enforce the obligation in respect to such claims. But if this were not so, the claimants never undertook to enforce any claim against the bank. Another, and quite different claim, was enforced against the plaintiff. He had incurred a liability by means of his fraudulent practices, and the owner of those claims chose to enforce that liability instead of the other.

The payment of that judgment by the plaintiff does not operate as an assignment of those claims against the bank, but extinguishes them. He did not stand in the position of surety for the defendant, as to anything existing by reason of his own fraud or springing from it. There can be no subrogation in such a case. Such claims are not kept on foot to enable the wrong-doer to enforce them against another. Equity can never interpose to presume claims of a character which it would be inequitable and against conscience to enforce. By paying the judgment against him, the plaintiff has simply made the atonement and satisfaction which the law prescribes for his fraud, and neither law nor equity, in such a case, gives him any remedy over, against any other person. The nonsuit was, therefore, clearly right, and a new trial must be denied.

New trial denied.